**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



DAKAI YE,

               Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No. 12-70255

Agency No. A098-982-630

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2015
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges, and CHRISTENSEN,\*\*
Chief District Judge.

Petitioner Dakai Ye petitions for review of the Board of Immigration's

("BIA") decision to uphold the immigration judge's ("IJ") denial of Ye's

applications for asylum, withholding of removal, and protection under the

---

      \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      \*\*    The Honorable Dana L. Christensen, Chief District Judge for the U.S.
District Court for the District of Montana, sitting by designation.

Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(b)(1), (d). We grant the petition and remand to the BIA for further proceedings.

Ye contends that: (1) substantial evidence does not support the BIA's adverse credibility determination which was based on a lack of detail regarding his girlfriend's pregnancy and abortion, on the implausibility that his girlfriend would go to a state-run hospital to confirm an illegal pregnancy, and on the fact that Ye's asylum application did not include information about how he hid at his friend's house before fleeing China; and (2) the BIA erred by denying relief based on Ye's failure to produce certain corroborative evidence to support his asylum application. "Adverse credibility findings are reviewed under the substantial evidence standard and 'will be upheld unless the evidence compels a contrary result.'" *See, e.g.*, *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010) (quoting *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007)).

We agree with Ye that the BIA erred in upholding the IJ's adverse credibility finding. As to the BIA's concern with any lack of detail or implausibility about Ye's girlfriend's illegal pregnancy, the BIA relied on speculation and a faulty burden of proof. Though Ye bears the burden of proving his statutory eligibility for relief, 8 U.S.C. § 1158(b)(1)(B)(I), the BIA erroneously reasoned that Ye "did not adequately explain how the family planning committee learned of his girlfriend's pregnancy." Ye is not required to speculate on how a

government body finds out information. Further, although the BIA found it implausible that Ye's girlfriend would go to a "state run hospital" to confirm her illegal pregnancy, the BIA did not point to any evidence in the record that demonstrated the hospital to which she went was state-run. *See Joseph v. Holder*, 600 F.3d 1235, 1247 (9th Cir. 2010) (holding that an adverse credibility finding may not be based on "speculation and conjecture"). Finally, that Ye's application omitted that he hid with his friend before fleeing China is irrelevant in our view. Before hiding with the friend, Ye had already been beaten, jailed, fined, and threatened with forced sterilization. Whether he hid to escape paying an officer's medical bills is not necessary evidence, nor does it significantly help him form the basis of his asylum claim. *Cf. Kin v. Holder*, 595 F.3d 1050, 1056–57 (9th Cir. 2010). Our law generally does not give substantial weight to omissions, as contrasted with inconsistencies, when assessing credibility. *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014). And given the minimal relevance of the omission of the incident of hiding with his friend, we conclude it does not support an adverse credibility decision undercutting his claim for asylum.

The BIA also erred by denying relief because Ye did not produce certain corroborative evidence to support his applications. Even though the REAL ID Act permits the agency to require an applicant to provide evidence that corroborates otherwise credible testimony, 8 U.S.C. § 1158(b)(1)(B)(ii), the IJ erroneously

reasoned that she was "not required to give the respondent advanced notice of the requirements for corroborative evidence." The IJ must give the petitioner notice and an opportunity to secure the identified corroborative evidence the IJ finds necessary to support the applications for relief. *Ren v. Holder*, 648 F.3d 1079, 1090–93 (9th Cir. 2011).

**PETITION FOR REVIEW GRANTED AND REMANDED**.